# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TRAVIS RICHARDSON (#450603)                              CIVIL ACTION

VERSUS

CCR KIMBERLY W. FORD                                     NO. 09-0183-RET-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 16, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

TRAVIS RICHARDSON (#450603)                                    CIVIL ACTION

VERSUS

CCR KIMBERLY W. FORD                                           NO. 09-0183-RET-CN

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The pro se plaintiff, an inmate confined at David Wade Correctional Center, Homer, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Court Reporter Kimberly W. Ford of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, alleging that the defendant violated the plaintiff's constitutional rights on February 3, 2005, when she transcribed the plaintiff's sentencing proceedings and incorrectly noted that he was represented by counsel at that time whereas he contends that he was not so represented. The plaintiff prays for monetary damages.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. <u>Cf.</u>, <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. <u>Green v. McKaskle</u>, <u>supra</u>. In addition, 28 U.S.C. § 1915A

provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Without substantively addressing the plaintiff's claim, it appears to this Court that this claim must be dismissed as duplicative. In a separate lawsuit filed by the plaintiff before this Court, <u>Travis Jerod Richardson v. East Baton Rouge District Attorney's Office, et al.</u>, No. 06-0963-JVP-DLD (M.D. La.), the plaintiff raised essentially the same claim as is asserted herein and named as a defendant Kimberly Ford. Pursuant to Opinion and Judgment entered on March 29, 2007, that action was dismissed as legally frivolous. Specifically, the Court noted in that case that the plaintiff sought relief which would effectively result in a conclusion that his criminal sentence was improper and in an inference that his confinement was unlawful. As such, his claim for monetary damages was subject to dismissal pursuant to the rule set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994) (holding that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff most show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.).

As in the previous case, the plaintiff has not shown the Court that his conviction or sentence has been overturned or invalidated in a separate proceeding. Therefore, the plaintiff's claim is not cognizable under § 1983 at this time. Because <u>Heck</u> dictates that a cause of action

seeking monetary damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the conviction has been invalidated, the § 1983 Complaint should be dismissed.  See Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994; Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as frivolous and for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915(e), with prejudice to its being asserted again until the conditions set forth in Heck v. Humphrey, supra, are met.  See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).[1]

Signed in chambers in Baton Rouge, Louisiana, April 16, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1]    Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."